Jeffrey J. Asperger, pro hac vice
Bary L. Gassman, pro hac vice
Counsel for Defendants
ASPERGER ASSOCIATES LLC
150 North Michigan Avenue, Suite 420
Chicago, IL 60601
ph. 312-856-9901

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NAVIGATORS MANAGEMENT CO., INC. And AMERICAN HOME ASSURANCE CO., <br><br>  Plaintiffs, <br><br> Vs. <br><br> ST. PAUL FIRE AND MARINE INSURANCE CO., ESSEX INSURANCE CO. and ROYAL INDEMNITY CO., <br><br> Defendants. | No. 4:06CV1722-SNL |

## DEFENDANTS' MOTION TO DISMISS
## FIRST AMENDED DECLARATORY JUDGMENT COMPLAINT

NOW COME Defendants, St. Paul Fire and Marine Insurance Company and Essex Insurance Company (collectively, "President's Insurers" and certain assignees of Captain John O. Johnson) and respectfully move the Court to dismiss Plaintiffs' First Amended Declaratory Judgment Complaint on the following grounds, to wit:

1.   Article III, §2 of the Constitution of the United States of America extends the judicial power of the United States to the Federal Courts only where an actual case or controversy is involved.

2.   In Paragraph 22 of its First Amended Complaint, Plaintiffs allege "this action is filed under and pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201."

3576782

3. 28 U.S.C. §2201 provides in part:

> In the <u>case of actual controversy</u> within its jurisdiction . . . any court of the United States, upon the filing of appropriate pleading, may declare the rights . . . of any interested party seeking such declaration.

4. Plaintiffs' First Amended Complaint should be dismissed because the complaint does not allege an actual case or controversy between the parties, but merely seeks an advisory opinion contingent upon future court rulings, circumstances, and happenings which are now not ripe for adjudication.

5. This court should dismiss Plaintiffs' First Amended Complaint because this court lacks subject matter jurisdiction over the facts alleged therein which do not express an actual case or controversy and because the complaint fails to state a cause of action but merely seeks an advisory opinion.

6. In an attempt to circumvent the constitutional and statutory requirement of an actual case or controversy in Paragraph 23, Plaintiffs plead

> An actual controversy of a justiciable nature exists between Plaintiffs and Defendants involving the rights and obligations under a marine contract of insurance and depending on the construction of said contract, the aforesaid controversy can be determined by a judgment of this Court without future suit.

That conclusory pronouncement does not, however, control the outcome of this dismissal motion even under the notice pleading standard.

7. Likewise, in an attempt to circumvent the constitutional and statutory requirement of an actual case or controversy, Plaintiffs in Paragraph 81 of their First Amended Complaint allege:

> President Casino, St. Paul, Essex, Royal Indemnity and HIH assert that Captain Johnson is entitled to the insurance proceeds available under the Bumbershoot Policy.

That conclusory false pronouncement does not however control the outcome of this dismissal motion even under the notice pleading standard.

8. Defendants here, "President's Insurers", who were claimants in the underlying litigation, No. 4:98CV-0575 SNL "the limitation action," that gives rise to this First Amended Complaint never asserted in the underlying litigation any insurance coverage issues because *inter alia*, they were precluded from even obtaining any insurance discovery in said action repeatedly by orders of this Court. See documents numbers 875 and 1489 in "the limitation action."

9. Further, Defendants, "President's Insurers", were prohibited by the injunction issued by this Court in "the limitation action" from bringing any insurance issues in any Court outside "the limitation action," and that as aforesaid this Court had ruled that any insurance coverage questions were not ripe for adjudication "in the limitation action" until judgment was rendered. "The limitation action" is still proceeding; damage amounts have yet to be rendered; and no final judgment has been entered therein.

10. Defendants here, "President's Insurers," claimants in "the limitation action," first learned that the Plaintiffs had instituted litigation against Captain Johnson in the United States District Court for the Southern District of New York without any notice to them, or to this Court, when their attorneys were apprised by happenstance on May 27, 2005 that Plaintiffs were attempting to default Captain Johnson.

11. On June 17, 2005, Defendants here, "President's Insurers", filed a Motion To Intervene in the United States District Court for the Southern District of New York in the aforesaid action bearing Case No. 04:CV9513 LBS. Nowhere in that motion did the Defendants, "President's Insurers", claim or allege that Plaintiff owed coverage to Captain Johnson.

12. Specifically in that motion to intervene, Defendants here, "President's Insurers", advised the United States District Court for the Southern District of New York that Plaintiffs' original claim against Captain Johnson in Case No. 04:CV9513 did not state a case or controversy in Paragraph 84 of its Motion to Intervene, as follows, to-wit:

- 3 -

> There is no current case or controversy to issue a declaration of coverage. Neither Johnson nor Winterville has demanded indemnification from the Insurers. The parties in the Limitation Action will soon begin phase two (the damages phase) of that litigation. Upon determination of damages and when the insureds' demand indemnification and the Insurers refuse same, a coverage dispute may be ripe for determination. Prior to such occurrence, the Insurers have demanded nothing more than an advisory opinion from this Court by means of a default judgment.

13. The relief that the Defendants here, "President's Insurers", sought in that Motion to Intervene was: 1) to intervene, 2) twenty days (20) to file an appropriate responsive pleading, 3) a denial of the insurers pending Motion for Default Judgment, 4) a stay of the action pending the conclusion of the limitation action in Missouri, 5) a transfer of the matter to the Eastern District of Missouri, or 6) alternatively, a dismissal of the action for lack of personal jurisdiction.

14. On June 22, 2005, Captain John O. Johnson executed an assignment of insurance rights and limited covenant not to execute to President Riverboat Casino - Missouri, Inc., HIH Casualty and General Insurance Ltd., St. Paul Fire and Marine Insurance Company, Essex Insurance Company and Royal Indemnity Company.

15. On October 4, 2005, the United States District Court for the Southern District of New York, Honorable Leonard B. Sand, allowed President Casino to be substituted for John O. Johnson in 04 CIV 9513 (LBS).

16. On January 25, 2006, Plaintiffs here filed this present proceeding in the United States District Court for the Southern District of New York where it was assigned No. 06-CIV-0599 (LBS). On January 31, 2006, the United States District Court for the Southern District of New York entered an Order in No. 04-CIV-9513 (LBS) holding in abeyance all matters therein until resolution of No. 06-CIV-0599 (LBS).

17. In response to this present action, while pending in the Southern District of New York, No. 06-CIV-0599 (LBS), the Defendants here, "President's Insurers", filed a Motion to

Dismiss on the basis of failure to join indispensable parties pursuant to Federal Rule of Civil Procedure 19 and *forum non conveniens*.

18. The Defendants here, "President's Insurers", did not allege that the Plaintiffs here owed a duty of coverage to Captain Johnson in that Motion to Dismiss but solely sought dismissal on the aforesaid basis.

19. On November 9, 2006, the United States District Court for the Southern District of New York transferred Case No. 04-CV-09513-LBS to the United States District Court for the Eastern District of Missouri. Judge Sand of the Southern District of New York did not rule on the Motion to Dismiss for failure to join indispensable parties and consequently, that motion is still pending.

20. On December 4, 2006, the Clerk for the United States District Court for the Eastern District of Missouri notified the attorneys that the case has been transferred from New York to the Eastern District of Missouri and had been assigned No. 4:06CV1722-SNL.

21. This Court on April 3, 2007 issued a Rule 16 Order. On May 2, 2007, this Court held a joint scheduling conference and on May 4, 2007, issued a Case Management Order. There have been no further orders in this Court to date.

22. Although the Defendants here, "President's Insurers", are partial assignees of Captain Johnson's rights under any excess insurance policy issued by Plaintiffs, the Defendants have not made any claim for coverage because Captain Johnson has suffered no detriment under said coverage to date.

23. On information and belief Defendants herein, "President's Insurers", state that to date Plaintiffs herein have provided Captain Johnson with a legal defense to all claims made against him in the limitation action both in the Eastern District of Missouri and in the United States Circuit Court of Appeals for the Eighth Circuit and are still continuing to defend Captain

Johnson to date. The attorneys for Captain Johnson in the limitation action have not filed any motion to withdraw as his attorneys in that action to date.

24.     As Captain Johnson is being defended by the Plaintiffs here, and no judgment has been entered against Captain Johnson to date, Captain Johnson has no cause to call upon Plaintiffs for any insurance indemnity.

25.     Consequently, the Defendants here, "President's Insurers", have not had any reason to assert that Captain Johnson is entitled to insurance proceeds available under the Bumbershoot policy to date. If and when Plaintiffs act to Captain Johnson's detriment, Defendants here, "President's Insurers", along with other indispensable parties will assert Captain Johnson's insurance rights in State Court where they will be entitled to a jury trial.

### DEFENDANTS' REASSERTION OF MOTION TO DISMISS
### FOR NON-JOINDER OF INDISPENSABLE PARTIES

On June 16, 2006, the Defendants, St. Paul Fire and Marine Insurance Company and Essex Insurance Company, filed their Motion to Dismiss for Non-Joinder of Indispensable Parties in the United States District Court for the Southern District of New York. That motion was never ruled upon and remains pending before this Court. The Defendants hereby reassert that motion at this time, including the arguments set forth in their Reply brief.

As indicated in the Defendants' filings, the Motion to Dismiss for Non-Joinder of Indispensable Parties is based on Federal Rule of Civil Procedure 19(b). The motion asserts that the Plaintiffs have failed to name as defendants Captain Johnson, President, HIH, the barge owners and the numerous personal injury claimants, all of whom have an interest in the outcome of this case and are necessary to the proper adjudication of this matter.

The Plaintiffs bear the obligation to join indispensable parties as defendants in their case. Despite the fact that Defendants' motion to dismiss has been pending for nearly a year, and that this case was ordered transferred to the Eastern District of Missouri on November 9, 2006, the

Plaintiffs here have thus far failed to add these parties to this cause of action. Any determination of the rights of these parties under the Assignment contract or Bumbershoot Policy in their absence would be highly prejudicial.

Additionally, the Defendants would be prejudiced if forced to respond to a complaint that does not include all of the parties that are necessary to a fair determination of the issues set forth. Because the Plaintiffs have continually failed to add these parties as defendants in this case, the Plaintiffs' cause of action should be dismissed.

## CONCLUSION

WHEREFORE, Defendants, St. Paul Fire and Marine Insurance Co. and Essex Insurance Company (collectively, "President Insurers") respectfully move the Court to dismiss Plaintiffs' First Amended Declaratory Judgment Complaint on the foregoing grounds. Defendants further request of the Court oral argument on these motions.

Dated: Chicago, Illinois
November 16, 2007

>Respectfully submitted,
>
>ASPERGER ASSOCIATES LLC
>
>By:   /s/Jeffrey J. Asperger
>Jeffrey J. Asperger, pro hac vice
>Bary L. Gassman, pro hac vice
>Counsel for Defendants
>ASPERGER ASSOCIATES LLC
>150 North Michigan Avenue
>Suite 420
>Chicago, IL 60601
>ph. 312-856-9901

## CERTIFICATE OF SERVICE

     I, hereby certify that on November 16, 2007, I caused the foregoing **Defendants' Motion to Dismiss First Amended Declaratory Judgment Complaint** to be electronically filed on the Court's docket with the Clerk of Court using the CM/ECF system, which sent notification of such filing to all counsel who have appeared in this action.

                                                          By:    /s/Jeffrey J. Asperger
                                                                  Jeffrey J. Asperger, pro hac vice
                                                                  Bary L. Gassman, pro hac vice
                                                                  Counsel for Defendants
                                                                  ASPERGER ASSOCIATES LLC
                                                                150 North Michigan Avenue
                                                                  Suite 420
                                                                 Chicago, IL 60601
                                                                ph. 312-856-9901