Jeffrey J. Asperger, pro hac vice
Bary L. Gassman, pro hac vice
Counsel for Defendants
ASPERGER ASSOCIATES LLC
150 North Michigan Avenue
Suite 420
Chicago, IL 60601
ph. 312-856-9901

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NAVIGATORS MANAGEMENT CO., INC., *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 4:06CV1722-SNL ) |
| ST. PAUL FIRE AND MARINE INSURANCE CO., *et al.* | ) ) ) |
| Defendants. | ) |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION
TO DISMISS FIRST AMENDED DECLARATORY JUDGMENT COMPLAINT**

NOW COME Defendants St. Paul Fire and Marine Insurance Co. and Essex Insurance Company (collectively, "President's Insurers" and certain assignees of Captain John O. Johnson), and for their memorandum in support of their contemporaneously filed motion to dismiss Plaintiffs' First Amended Declaratory Judgment Complaint state:

## INTRODUCTION

Plaintiffs seek an advisory opinion from this Court. Its First Amended Complaint highlights the following critical fact: the underlying litigation has yet to conclude, with the damages phase currently in progress. No issues are raised in the declaratory judgment action

3576510

concerning defense obligations owed Captain Johnson by Plaintiffs in the Limitation Action.[1] Moreover, Captain Johnson's assignees (including President's Insurers) are not alleged to have asserted any interest in achieving a defense for Captain Johnson. The case is premature, presenting only the issue of whether Plaintiffs could owe an indemnity obligation if judgment enters against Captain Johnson in an amount excess of the Limitation Fund established in the Limitation Action. This issue is not yet ripe for determination. The Complaint fails to present an actual controversy to invoke the jurisdictional authority of this Court. Dismissal is required for lack of jurisdiction.[2]

## ARGUMENT

### A. The Court's Jurisdiction Requires the Existence of an Actual Controversy

All of Plaintiffs' claims seek a premature declaration that Plaintiffs owe no duty to indemnify Captain Johnson for a judgment that the Court has yet to enter in the Limitation Action. In the federal courts, such declaratory relief is predicated on 28 U.S.C. § 2201.[3] It provides, in part:

> In the case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration should have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201.

---

[1] On information and belief, Plaintiffs defended both Winterville and Johnson in all proceedings in the Underlying Lawsuit.

[2] Prior to the transfer to this Court, President's Insurers filed a Rule 12 dismissal motion raising failure to join indispensable parties. That motion is currently pending before the Court. While lack of subject matter jurisdiction may have also been included in the prior motion, it cannot be waived. Federal Rule of Civil Procedure 12(h)(3) permits a party to raise lack of subject matter jurisdiction at any time.

[3] Plaintiffs' action is brought pursuant to 28 U.S.C. § 2201. First Amended Complaint, ¶ 22.

- 3 -

A federal court has no power to issue advisory opinions, *Coffman v. Breeze Corps.*, 323 U.S. 316, 324, 65 S.Ct. 298, 89 L.Ed. 264 (1945), nor to decide abstract or hypothetical questions, *Electric Bond Co. v. S.E.C.*, 303 U.S. 419, 443, 58 S.Ct. 678, 82 L.Ed. 936 (1938). Thus, the existence of an "actual controversy" is essential to a court's jurisdiction in a declaratory judgment action. Not only must the "actual controversy" exist at the time the complaint is filed, but also it must continue throughout the suit. *Golden v. Zwickler*, 394 U.S. 103, 89 St. Ct. 956, 22 L.Ed.2d 113 (1969).

The controversy requirement is consistent with the scope of federal judicial power contained in the case or controversy provision of Article III, Section 2 of the United States Constitution. *Aetna Life Ins. Co. v. Haworth*, 3000 U.S. 227, 239-240, 57 S.Ct. 461, 871 L.Ed. 617 (1937). Indeed, Article III restricts the judicial power of the federal courts to "cases" and "controversies." *Travelers Ins. Co. v. Obusek*, 72 F.3d 1148 (3d Cir. 1995) (Constitutional "case or controversy" requirement stands as direct prohibition on issuance of advisory opinions).

A declaratory complaint should be dismissed where no actual controversy exists between the parties. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 70 St. Ct. 876, 94 L.Ed. 1194 (1950). The Court simply does not have jurisdiction over a case in which a decision would be advisory, or where the facts determining the scope of an injury are not ascertained or are premature and likely to change. *Flast v. Cohen*, 392 U.S. 83, 88 St. Ct. 1942, 20 L.Ed.3d 947 (1968).

B.  **An Action Seeking a Declaration of Indemnity Obligations Is Not Ripe Until Final Judgment Imposes Liability for Damages Requiring Indemnification**

Decisions about indemnity should be postponed until the underlying litigation has concluded. *See, e.g. Travelers Ins. Cos. v. Penda Corp.*, 974 F.2d 823, 833 (7th Cir. 1992) ("[T]the determination of whether plaintiff has a duty to indemnify is not ripe until the

underlying litigation is terminated."); *Aetna Casualty and Surety Co. v. General Dynamics Corp.*, 1989 WL 380494 at *6 (E.D. Mo. Dec. 12, 1989) (plaintiff's duty to indemnify defendant with costs of hazardous waste clean-up under insurance policy can only arise subsequent to a finding, acquiescence or admittance of liability and determination of damages or costs to be incurred on each site).[4]

There is considerable authority in the federal courts that indemnity coverage obligations should await determination until resolution of the underling lawsuit, rendering a declaratory judgment action related to potential indemnity obligations premature. *See, e.g., Argento v. Village of Melrose Park*, 838 F.2d 1483 (7th Cir. 1998) (abrogated other on grounds); *American F. & C., Co. v. Pennsylvania T. & F.M.C. Ins. Co.*, 280 F.2d 453 (5th Cir. 1960); *Travelers Indemnity Co. v. Standard Accident Ins. Co.*, 329 F.2d 329 (7th Cir. 1964); *Nationwide Mutual Ins. Co. v. Fidelity & Cas. Co.*, 286 F.2d 91 (3rd Cir. 1961); *Home Ins. Co. v. Perlberger*, 900 F.Supp. 768 (E.D. Pa. 1995); *Colonia Ins. v. Williams,* 941 F.Supp. 606 (N.D. Miss. 1996*); Guaranty Nat. Ins. Co. v. Beeline Stores, Inc.*, 945 F.Supp. 1510 (M.D. Ala. 1996*); Auto-Owners Ins. Co. v. Toole*, 947 F.Supp. 1557 (M.D. Ala. 1996).

Such authorities differ greatly from actions seeking a declaration regarding an obligation to defend. As the Third Circuit explained:

> The justiciability of the parties' obligation to defend the underlying suit is an *a fortiori* case. The obligation to defend is a current one as to which the parties are in conflict. It is independent of the fact of the underlying causes and must, by

---

[4] Other authorities discuss ripeness in terms of a liability determination. *See Nationwide Insurance Co. v. Zavalis*, 52 F.3d 689, 693 (7th Cir. 1995) ("[T]he duty to indemnify is not ripe for adjudication until the insured is in fact held liable in the underlying lawsuit."); *Grinnell Mutual Reinsurance Co. v. Reinke*, 43 F.3d 1152, 1154 (7th Cir. 1995) ("[T]he duty to indemnify is unripe until the insured has been held liable.") The Limitation Action differs from such cases because of the bifurcation of the liability and the damages phases. All such authorities are truly focused on resolution of the Underlying Lawsuit and the creation of an actual controversy concerning indemnification for a final judgment awarding damages against an insured.

definition, be handled at this time. This court and others have by now well established that a disagreement on the insurers' obligations to defend is a "case or controversy."

*Id.* at 823; *see also Sears, Roebuck & Co. v. Zurich Ins. Co.*, 422 F.2d 587 (7th Cir. 1970); *Insurance Co. of the West v. County of McHenry*, 2002 WL 1803743 (N.D. Ill. Aug. 6, 2002 ("a request for a declaratory judgment regarding an insurer's duty to defend the insured is considered to be ripe for adjudication during the pendency of the lawsuit implicating that duty."); Couch on Insurance, § 227.29 (discussing authorities that support proposition that an insurer's duty to defend is controversy ripe for declaration relief.)

As Justice Easterbrook explained the difference in *Lear Corp. v. Johnson Electric Holdings Limited*, 353 F.3d 580 (7th Cir. 2003):

> a declaration that A must indemnify B if X comes to pass has an advisory quality; and if the decision would not strictly be an advisory opinion (anathema under Article III) it could be a mistake, because it would consume judicial time in order to produce a decision that may turn out to be irrelevant. Declaratory decisions about indemnity differ in this respect from the more common decision that an insurer has a duty to defend the client in ongoing litigation.

*Id.* at 583; *see also Cunningham Brothers, Inc. v. Bail*, 407 F.2d 1165 (7th Cir. 1969) (indemnity not ripe for adjudication in a declaratory judgment action).

C.   **Plaintiffs' First Amended Complaint Fails to Present an Actual Controversy**

Plaintiffs' First Amended Complaint is in six counts. Each seeks a declaration from this Court that Somerset owes no duty to indemnify Captain Johnson or to otherwise satisfy judgments that President's Insurers and others (including President Casinos) seek in the Limitation Action. The determination of whether Plaintiffs have a duty to indemnify Captain Johnson is not ripe until the Limitation Action is concluded.

In paragraph 23 of the First Amended Complaint, Plaintiffs purport to plead an "actual controversy" by stating just that. The conclusory pronouncement does not, however, control the

outcome of this dismissal motion even under the relaxed federal pleading standard. *Stanturf v. Sipes*, 335 F.2d 224 (8th Cir. 1964); *Haley v. Childers*, 314 F.2d 610 (8th Cir. 1963). Because of the importance of the issue to the federal judicial system, such "conclusory allegations or conclusions of law will not be credited" when determining a dismissal motion. 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1350 (citing numerous authorities for this proposition). If a pleader avers subject matter jurisdiction generally, but later allegations negate its existence, a federal court should read the complaint as a whole and dismiss the action for want of jurisdiction. *Id.; see also Beneficial Industrial Loan Corp. v. Kline*, 132 F.2d 520, 522 (8th Cir. 1942). Plaintiffs also plead: that its Bumbershoot Policy sits excess certain primary underlying insurance contracts (First Amended Complaint, ¶ 52); the Limitation Action established limitation of liability in the amount of $2,200,000, which remains controlling only as to American Milling (First Amended Complaint, ¶ 70); and the damage amount in the Limitation Action has yet to be determined (First Amended Complaint, ¶ 71). To that end, the First Amended Complaint explains that other underlying insurance exists, the Limitation Fund created on behalf of American Milling exists, and damages against Captain Johnson are undetermined.

Plaintiffs further plead that President's Insurers assert Captain Johnson is entitled to the insurance proceeds available under the Bumbershoot policy and by virtue of assignment seek to collect under that Bumbershoot policy. (First Amended Complaint, ¶¶ 81 and 82). While these allegations are pleaded, they are not true and cannot be true. Captain Johnson cannot recover indemnity from that policy until there is something to indemnify. Similarly, President's Insurers could not seek to recover under the Bumbershoot policy, either directly or as Johnson's assignees, until and unless final judgment is entered against Captain Johnson that would require

indemnification from Plaintiffs.[5]  It is beyond peradventure that the First Amended Complaint seeks a declaration concerning contingent future events.

### D.  A Coverage Determination Is Premature

While not contained in Plaintiffs' First Amended Complaint, this Court can certainly take judicial notice of the very determinations it made in the Limitation Action that is underlying this coverage action.  On multiple occasions, President and President's Insurers attempted to conduct discovery concerning insurance proceeds that would be available to satisfy any judgment ultimately rendered.  Presumably, Plaintiffs have awareness of such proceedings in that it defended American Milling, Winterville, and Captain Johnson.  It funded opposition to such discovery, arguing that it was premature and not relevant to the Limitation Action.  This Court agreed and entered orders in the Limitation Action that insurance is an issue for another day.  That day has yet to come in that the Limitation Action has yet to conclude.  Abiding by this Court's rulings and the stay, President's Insurers had not pursued coverage.  They became involved when they discovered that Plaintiffs had filed an action in New York against Captain Johnson and sought default in that action.  Plaintiffs opposed their intervention and so they achieved the assignment from Captain Johnson.  Plaintiffs then filed this second action directly against only some of the assignees.  While proceedings in the Limitation Action have made clear Captain Johnson's liability, the damage phase continues.

---

[5] Plaintiffs also allege that certain entities are claiming $12,000,000 in damages in the Limitation Action. While President and President's Insurers are seeking sums in excess of the Limitation Fund, entitlement to those sums has yet to be determined.  In fact, American Milling (defended by Plaintiffs) is yet to stipulate to any amount of damages and has taken the position that the damages will not exceed the Limitation Fund.  While President's Insurers disagree with American Milling's position, they are forced to continue to litigate damage issues and no findings have been made or judgment entered awarding damages in the Limitation Action.

3576510

- 7 -

## CONCLUSION

For the aforesaid reasons, the Court should grant President's Insurers' motion to dismiss Plaintiffs' First Amended Declaratory Judgment Complaint. Without the certainty of a final judgment in the Limitation Action (imposing damages in a sum certain against Captain Johnson), such relief in favor of President's Insurers is required for the Court to avoid the anathema of issuing an advisory opinion as to whether Plaintiffs owe any duty of indemnity to Captain Johnson in the Limitation Action.

Dated: Chicago, Illinois
      November 16, 2007

    Respectfully submitted,

    ASPERGER ASSOCIATES LLC


    By:   /s/Jeffrey J. Asperger
    Jeffrey J. Asperger, pro hac vice
    Bary L. Gassman, pro hac vice
    Counsel for Defendants
    ASPERGER ASSOCIATES LLC
    150 North Michigan Avenue
    Suite 420
    Chicago, IL 60601
    ph. 312-856-9901

## CERTIFICATE OF SERVICE

I, hereby certify that on November 16, 2007, I caused the foregoing **Defendants' Memorandum in Support of Their Motion To Dismiss First Amended Declaratory Judgment Complaint** to be electronically filed on the Court's docket with the Clerk of Court using the CM/ECF system, which sent notification of such filing to all counsel who have appeared in this action.

By: /s/Jeffrey J. Asperger
Jeffrey J. Asperger, pro hac vice
Bary L. Gassman, pro hac vice
Counsel for Defendants
ASPERGER ASSOCIATES LLC
150 North Michigan Avenue
Suite 420
Chicago, IL 60601
ph. 312-856-9901