UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NAVIGATORS MANAGEMENT CO., INC., *et al.*, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) )   Case No. 4:06cv1722SNLJ |
| ST. PAUL FIRE AND MARINE INSURANCE CO., *et al.*, | ) ) ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This case was transferred from the United States District Court for the Southern District of New York on November 24, 2006. This matter is before the Court on defendants' Motion to Dismiss Plaintiffs' First Amended Declaratory Judgment Complaint (#52) filed November 16, 2007. This motion incorporates by reference defendants' previous Motion to Dismiss for Non-Joinder of Indispensable Parties (#87-2) filed on June 16, 2006, in the Southern District of New York upon which the Court never issued a ruling. Since the filing of defendants' motion to dismiss (#52), defendants filed on August 25, 2008, a Motion for Leave to Partially Withdraw Their Motion to Dismiss Plaintiff's First Amended Declaratory Judgment Complaint (#86), which this Court granted on November 21, 2008 (#88). The only issue remaining for this Court to decide is whether the action should be dismissed for non-joinder of indispensable parties. Plaintiffs filed relevant responses on July 13, 2006 (#87-4) in the Southern District of New York and November 29, 2007 (#60) in this Court. Defendants' filed relevant replies first in the Southern District of New York (#87-5) and in this Court on December 4, 2007 (#62).

## I. Procedural Background

This case involves an insurance coverage dispute that arose after a collision and resulting secondary allisions caused by the towboat M/V ANNE HOLLY striking the Eads Bridge at St. Louis, Missouri on April 4, 1998. At the time of the collision/allisions American Milling Co., UN Ltd., H&B Marine, Inc., and American Milling, LP (collectively "American Milling") owned the M/V ANNE HOLLY. The crew, including the ship's captain, Captain John Johnson, were employees of Winterville Marine, which is now in bankruptcy. The plaintiffs in the present action, Navigators Management Company, Inc. and American Home Assurance Company, are underwriters of a bumbershoot policy held by American Milling that provides coverage to American Milling for liability in excess of its primary insurance coverage.

Immediately following the collision/allisions, various exoneration and/or limitation of liability cases and negligence actions were filed, many of which involved injury to the President Riverboat Casino and its patrons. These cases were then consolidated before this Court in the Eastern District of Missouri. *See* In re American Milling Co., 270 F.Supp.2d 1068 (E.D. Mo. 2003), *aff'd in part, rev'd in part*, 409 F.3d 1005 (8th Cir. 2005). In those proceedings, this Court found that American Milling, Winterville and Captain Johnson were negligent parties. Id. Further, on appeal, the United States Court of Appeals for the Eighth Circuit determined that Winterville and Captain Johnson were not entitled to protections under the Limitation of Liability Act. *See* In re American Milling Co., 409 F.3d 1005 (8th Cir. 2005). On July 31, 2008, this Court entered its final judgment in the American Milling case apportioning damages from the Limitation Fund to the remaining three claimants. In addition, this Court awarded damages against Captain Johnson of nearly $8,000,000 that are not subject to the limitation fund. Nearly $7,000,000 of the total was awarded to President Casino and the remainder to claimants Brennan

Marine Co. and Pinnacle Barge Co. All other claimants in the consolidated actions have settled out of court.

While the case in the Eastern District of Missouri was proceeding, plaintiffs filed a Complaint for Declaratory Judgment in the Southern District of New York in December 2004, against Winterville Marine and Captain Johnson. Plaintiffs sought a declaration that neither Winterville nor Captain Johnson were entitled to coverage under the bumbershoot policy. When President Casino and its insurers (HIH Casualty and General Insurance Ltd. ("HIH"), an Australian corporation; St. Paul Fire and Marine Insurance Company (St. Paul), a Minnesota corporation; Essex Insurance Company (Essex), a Delaware corporation; and Royal Indemnity Company (Royal Indemnity), also a Delaware corporation) became aware of the action, they filed a motion to intervene on June 17, 2005.

Then on June 23, 2005, Captain Johnson executed an assignment with President Casino and President's insurers conveying whatever rights he had against American Milling and its insurers, including those under the bumbershoot policy herein, in return for a limited covenant not to execute against him. In particular, President Casino and President's insurers agreed not to execute against Captain Johnson or his personal assets on any judgment obtained against Captain Johnson in the underlying negligence action. Due to the assignment, on October 4, 2005, the United States District Court for the Southern District of New York allowed President Casino and President's insurers to be substituted for Captain Johnson under Federal Rule of Civil Procedure 25. President Casino and its insurers then moved to dismiss for lack of jurisdiction and improper venue. The motion to dismiss was never decided, apparently because plaintiffs advised the Court of their intent to file a new cause of action directly against President's insurers, which was soon forthcoming.

On January 25, 2006, plaintiffs filed the instant complaint against St. Paul Fire and Marine Insurance Company, Essex Insurance Company, and Royal Indemnity Company.  Plaintiffs seek a judgment declaring that: (1) the assignment is not valid, (2) neither Captain Johnson nor Winterville is an insured under the bumbershoot policy (3) neither Captain Johnson nor Winterville is an assured under the bumbershoot policy (4) American Milling was under no obligation to provide insurance to Winterville Marine and/or Captain Johnson, and (5) the absence of any notice to plaintiffs that Winterville and/or Captain Johnson should have been additional insureds now bars the extension of the bumbershoot policy to either Winterville or Johnson.

## II. Defendant's Motion to Dismiss

The present motion before this Court is defendants' Motion to Dismiss for Failure to Join Indispensable Parties.  Defendants contend that Captain Johnson, President Casino, HIH, as well as the various barge owners and personal injury claimants that sustained damage in the collisions and/or allisions are indispensable parties under Rule 19(b). Of course, before a party can be deemed indispensable, it must first be determined whether the party is "required" or "necessary" under Rule 19(a), which states in pertinent part:

> (1) Required Party.  A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must  be joined as a party if:
>> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

4

It is clear on a close reading of these provisions that subsections (1)(A) and (1)(B)(ii) are addressed to the protection of the interests of the <u>existing</u> parties to the case, while subsection (1)(B)(i) is addressed to the protection of the <u>absent</u> parties to the case. The distinction is important because defendants rely expressly and entirely on subsection (1)(B)(i) to establish that Johnson, President Casino, HIH and the various claimants are required or necessary parties. Their argument is solely that the disposition of this action in the absence of these parties may "as a practical matter impair or impede [the absent parties'] ability to protect [their] interest [in the subject matter of the action]." This Court disagrees.

At the outset, it goes without saying that any judgment entered in this case cannot, at least as a legal matter, impair or impede the interests of the absent parties, because those parties cannot be bound by a judgment in a case to which they are not a party. Surely that is why the concern of subsection (1)(B)(i), on its face, is about the impairment or impediment of an absent party's interest "as practical matter," rather than as a legal matter. Regardless, this Court cannot envision how the absent parties' interests would be impaired or impeded in any respect, and tellingly, the defendants do not identify any impairment or impediment except to state that this Court might render a judgment invalidating the assignment from Johnson to President Casino and its insurers or declare that Johnson was not covered under the bumbershoot policy. But again, such a judgment cannot be binding on the absent parties.

In particular, the respective rights of Captain Johnson, President Casino and HIH under the assignment would be unaffected by any judgment in this case, and each would be free to litigate those rights if need be. Although there is now a judgment in the underlying negligence case for some $7,000,000 against Capt. Johnson and in favor of President Casino, Johnson can still invoke and litigate his right under the assignment to be free from execution on the judgment

5

against him even if a separate judgment is rendered in this case invalidating the assignment. Likewise, President Casino and HIH can still enforce the assignment themselves to the extent that it allows them to assert whatever right Johnson may have to proceed against American Milling's bumbershoot policy. And if indeed as it now appears from the parties' supporting memoranda that President Casino's right to proceed against the bumbershoot policy is subrogated to its insurers -- including the defendants in this action -- then certainly President Casino no longer has any interest to preserve whatsoever.

In addition, although the judgment against Captain Johnson was also entered in favor of Brennan Marine Co. and Pinnacle Barge Co., and those parties undoubtedly will seek to satisfy that judgment with the proceeds of American Milling's bumbershoot policy, neither Johnson nor those claimants can be affected by a judgment in this case holding that Captain Johnson was not an insured under the policy. Each of those absent parties would still be entitled to litigate anew that issue. Finally, as noted, all other claimants in the underlying negligence action have now settled, and for that reason have no further interest in this bumbershoot coverage litigation.

### III. Conclusion

In sum, this Court finds that the interests of the absent parties identified by defendants will not be impaired or impeded in the disposition of this action, even "as a practical matter." The absent parties, therefore, are not necessary parties to this action, and because they are not necessary parties, they cannot then be indispensable parties. Defendants' Motion to Dismiss for Failure to Join an Indispensable Party is **DENIED** in its entirety.

Dated this   9th   day of January, 2009.

                                                                                        */s/ Stephen N. Limbaugh, Jr.*
                                                                                        UNITED STATES DISTRICT JUDGE