UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NAVIGATORS MANAGEMENT ) | |
| COMPANY, INC. et al., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:06CV1722 SNLJ |
| ) | |
| ST. PAUL FIRE AND MARINE ) | |
| INSURANCE COMPANY et al., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' motion to compel (#69), filed January 7, 2008. Defendants filed a response (# 76) on January 25, 2008. Plaintiffs then filed a reply (#77) on February 8, 2008. Plaintiffs seek an order compelling defendants to produce corporate witnesses for deposition pursuant to Federal Rule of Civil Procedure 30(b)(6).

**I. Statement of the Case**

This case involves an insurance coverage dispute that arose after a collision and resulting secondary allisions caused by the towboat M/V ANNE HOLLY striking the Eads Bridge at St. Louis, Missouri on April 4, 1998. At the time of the collision/allisions American Milling Co., UN Ltd., H&B Marine, Inc., and American Milling, LP (collectively "American Milling") owned the M/V ANNE HOLLY. The crew, including the ship's captain, Captain John Johnson, were employees of Winterville Marine, which is now in bankruptcy. The plaintiffs in the present action, Navigators Management Company, Inc. and American Home Assurance Company, are underwriters of a bumbershoot policy held by American Milling that provides coverage to American Milling for liability in excess of its primary insurance coverage.

Immediately following the collision/allisions, various exoneration and/or limitation of liability cases and negligence actions were filed, many of which involved injury to the President Riverboat Casino and its patrons. These cases were then consolidated before this Court in the Eastern District of Missouri. *See* In re American Milling Co., 270 F.Supp.2d 1068 (E.D. Mo. 2003), *aff'd in part, rev'd in part*, 409 F.3d 1005 (8th Cir. 2005). In those proceedings, this Court found that American Milling, Winterville and Captain Johnson were negligent parties. Id. Further, on appeal, the United States Court of Appeals for the Eighth Circuit determined that Winterville and Captain Johnson were not entitled to protections under the Limitation of Liability Act. *See* In re American Milling Co., 409 F.3d 1005 (8th Cir. 2005). On July 31, 2008, this Court entered its final judgment in the American Milling case apportioning damages from the Limitation Fund to the remaining three claimants. In addition, this Court awarded damages against Captain Johnson of nearly $8,000,000 that are not subject to the limitation fund. Nearly $7,000,000 of the total was awarded to President Casino and the remainder to claimants Brennan Marine Co. and Pinnacle Barge Co. All other claimants in the consolidated actions have settled out of court.

While the case in the Eastern District of Missouri was proceeding, plaintiffs filed a Complaint for Declaratory Judgment in the Southern District of New York in December 2004, against Winterville Marine and Captain Johnson. Plaintiffs sought a declaration that neither Winterville nor Captain Johnson were entitled to coverage under the bumbershoot policy. When President Casino and its insurers (HIH Casualty and General Insurance Ltd. ("HIH"), an Australian corporation; St. Paul Fire and Marine Insurance Company ("St. Paul"), a Minnesota corporation; Essex Insurance Company ("Essex"), a Delaware corporation; and Royal Indemnity

2

Company ("Royal Indemnity"), also a Delaware corporation) became aware of the action, they filed a motion to intervene on June 17, 2005.

Then on June 23, 2005, Captain Johnson executed an assignment to President Casino and President's insurers conveying whatever rights he had against American Milling and its insurers, including those under the bumbershoot policy herein, in return for a limited covenant not to execute against him. In particular, President Casino and President's insurers agreed not to execute against Captain Johnson or his personal assets on any judgment obtained against Captain Johnson in the underlying negligence action. Due to the assignment, on October 4, 2005, the United States District Court for the Southern District of New York allowed President Casino and President's insurers to be substituted for Captain Johnson under Federal Rule of Civil Procedure 25. The case has since been transferred to this Court which now turns to the current discovery dispute.

**II. Motion to Compel**

On October 4, 2007, plaintiffs served defendants Essex and St. Paul each with a Notice of Deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) seeking the deposition of a corporate representative(s) of each regarding a variety of topics. On October 22, 2007, and October 31, 2007, defendants objected to the plaintiffs' notices and have refused to produce any corporate representatives for deposition.

Defendants put forth four challenges to the motion to compel. Defendants argue: (1) the requests are premature; (2) the requests seek information within plaintiffs' control; (3) the requests are not reasonably calculated to lead to the discovery of admissible evidence; (4) defendants representatives have no firsthand knowledge and the knowledge is protected by attorney-client privilege. The Court will begin by noting that the requests are not premature

because the case at hand is to decide whether insurance coverage should be extended to Captain Johnson, regardless of whether he has yet made a claim.

Defendants' second argument is that the requests seek information within plaintiffs' control. While it is true that the requests seek information on which plaintiffs may also have information, that does not mean that they cannot depose defendants on the subject. The defendants may not refuse to submit to depositions merely because plaintiffs refuse to waive privilege to requested documents. This Court has simultaneously issued an order compelling plaintiffs and The Charles L. Crane Agency to produce all documents not protected by privilege. It is reasonable that defendants may wait to receive those documents before submitting to the deposition. However, defendants may not refuse to submit to depositions because certain documents are withheld without an order from this Court staying discovery.

Defendant's third argument states that the requests are not reasonably calculated to lead to admissible evidence. This Court agrees that information regarding insurance coverage of President's Casino or claims that it filed are not at issue in this case, nor is information regarding these issues likely lead to admissible evidence. If, as plaintiffs' imply in their reply brief, plaintiffs intention is to discover information regarding Captain Johnson's insurance coverage and claims that Captain Johnson has made or actions defendants have taken on his behalf then the disputed topics are relevant.

Finally, defendants argue that defendants have no firsthand knowledge regarding the deposition topics. In addition, any knowledge they do possess comes from their attorneys and is thus protected by attorney client-privilege. A corporation has an affirmative duty to produce a representative who can answer questions that are both within the scope of the matters described in the 30(b)(6) notice and are "known or reasonable" available to the corporation. Fed.R.Civ.P.

30(b)(6); King v. Pratt & Whitney, 161 F.R.D. 465 (S.D.Fl. 1995). When choosing a deponent, companies "have a duty to make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter." Sprint Communications Co., L.P. v. Theglobe.com, Inc., 236 F.R.D. 524, 528 (D.Kan. 2006) *quoting* Starlight Int'l, Inc. v. Herlihy, 186 F.R.D. 626, 638 (D.Kan. 1999). The company is further required to have the person being depose "review all matters known or reasonable available to [the corporation] in preparation for the 30(b)(6) deposition." Id. at 528-29 *quoting* T & W Funding Co. XII, L.L.C. v. Pennant Rent-A-Car, 210 F.R.D. 730, 735 (D.Kan. 2002). The company cannot claim attorney-client privilege over facts conveyed to them by its attorneys which the attorneys learned from an independent source. Protective Nat. Ins. Co. of Omaha v. Commonwealth Ins. Co., 137 F.R.D. 267, 278-79 *citing* Hickman v. Taylor, 329 U.S. 495, 508 (1947).

In this case, defendants must prepare a person to act as the deponent for the company. Any facts learned from the companies attorney from an independent outside source are discoverable. However, plaintiffs deposition is to stay within the bounds of the issues relevant to this case. In addition, parties may wait to schedule the depositions until after receipt of plaintiffs' and The Charles L. Crane Agency's production of documents.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to compel (#69) is **GRANTED** in its entirety subject to the terms of this memorandum and order.

Dated this   24th   day of February, 2009.

_____
UNITED STATES DISTRICT JUDGE